IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMES EARL HAWTHORNE,**
   **Plaintiff,**

vs.            Case No. 3:08cv154/MCR/MD

**BAPTIST HOSPITAL, INC.,**
   **Defendant.**

___

## REPORT AND RECOMMENDATION

  This cause is before the court upon defendant's "Motion to Dismiss and/or to Strike Particular Claims Made in Complaint." (Doc. 13). In conjunction with its motion, defendant moves the court to take judicial notice of records of the Florida Commission on Human Relations. (Doc. 14). Plaintiff has responded in opposition to the motion to dismiss. (Doc. 24). Upon consideration of the parties' submissions and for the reasons given below, the undersigned recommends that defendant's motion to dismiss and to strike be granted in part, and that its motion to take judicial notice be granted.

  This report and recommendation also addresses plaintiff's motion to amend his complaint. (Doc. 38). Defendant has responded in opposition to the motion. (Doc. 46).

## Procedural History

  This case involves claims of age discrimination and retaliation. In his verified complaint filed on April 16, 2008, plaintiff alleges that employees in Baptist Hospital's Laundry Department who were over the age of forty received smaller

raises than workers in their twenties. Plaintiff also asserts three instances of retaliation: (1) when he "inquired" about the perceived discrimination, his manager retaliated against him by giving him an even smaller raise; (2) when plaintiff filed a lawsuit against the defendant, his employment was terminated; and (3) when he spoke out on behalf of patients who purportedly were being abused by defendant's employees, and counseled and assisted a deceased patient's family in filing a "complaint" against the defendant, plaintiff was "retaliated against." (Doc. 1, p. 3). In his Statement of Claims, plaintiff states he is bringing his claims under "Chapter 760 of the Florida Civil Rights Act and/or Title VII of the Federal Civil Rights Act and/or the Age Discrimination in Employment Act and/or the American Disability Act;" "the State of Florida Commission on Human Relations unlawful employment practice;" "the EEOC Compliance Manual;" and "Employment Act of 1967 and case of Smith versus the City of Jackson, Mississippi." (*Id.*, p. 4). As relief, plaintiff seeks $300,000.00 "for the age discrimination, hostile work environment, retaliation, and wrongful discharge." (*Id.*, p. 5).

Defendant seeks dismissal of plaintiff's claims under the Florida Civil Rights Act ("FCRA"), arguing that the complaint fails to state a cause of action upon which relief can be granted, and that this court has no jurisdiction over the claims. In addition, defendant seeks dismissal of particular allegations of retaliation, arguing that the alleged conduct is not protected under Title VII or the ADEA. Defendant asks the court to strike, under Rule 12(f) of the Federal Rules of Civil Procedure, allegations of the complaint pertaining to "the American Disability Act [sic]," "the EEOC Compliance Manual," the "Employment Act of 1967," "the case of Smith versus the City of Jackson, Mississippi" "hostile work environment," and "wrongful discharge;" as well as the photocopy of a newspaper article submitted as an exhibit to the complaint. (Doc. 13).

**Motion to Dismiss Standard**

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Garcia v. Copenhaver, Bell, & Assoc.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997). In ruling on a factual attack on jurisdiction, a district court judge may make factual findings necessary to resolve the motion. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).[1]

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court accepts a complaint's well-pleaded allegations as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Conclusory allegations and unwarranted deductions of fact also need not be accepted as true. *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). Likewise, a court is not bound to accept a plaintiff's legal conclusions. *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit that were rendered prior to October 1, 1981.

Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). The complaint may be dismissed under Rule 12(b)(6) if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

## Discussion

**A. Plaintiff's claims under the FCRA are barred.**

Defendant argues that plaintiff's claims under the FCRA are barred and should be dismissed with prejudice because plaintiff dismissed his petition for relief in the state administrative proceeding, resulting in the Florida Commission on Human Relations' determination of "no cause" to stand as its final order. Accordingly, plaintiff's state-law claims under the FCRA are barred. In support of its motion, defendant attaches the following four documents, all public records of the Florida Commission on Human Relations ("FCHR") and the Florida Division of Administrative Hearings ("DOAH") pertaining to the hearings and proceedings held before those agencies on plaintiff's FCRA claims: (1) a Notice, Determination and Findings filed by the FCHR in connection with a charge of discrimination plaintiff filed with the agency against the defendant; (2) the FCHR transmittal of plaintiff's Petition for Relief; (3) an order issued by the DOAH in connection with plaintiff's petition; and (4) the FCHR Notice of Dismissal filed in the state administrative proceeding. Defendant asks the court to take judicial notice of these documents.

Rule 201 of the Federal Rules of Evidence provides for judicial notice of adjudicative facts. FED. R. EVID. 201(a). The rule further provides:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

FED. R. EVID. 201(b). "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation omitted). The court may take judicial notice of the contents of public records "to establish the fact of such litigation and related filings." *Id.*, at 1553; *see generally* FED. R. EVID. 201; *cf. Harris v. Ivax Corp.*, 182 F.3d 799, 801, n. 2 (11th Cir. 1999) (stating that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute."); *Cash Inn of Dade, Inc. v. Metro. Dade County*, 938 F.2d 1239, 1243 (11th Cir. 1991) (taking judicial notice of minutes of a county commission meeting); *id.,* ("A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases."); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 (11th Cir. 1999) (holding that the district court was authorized to take judicial notice of public documents filed according to SEC regulations for the purpose of determining what statements the documents contained); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2nd Cir. 1992) (citations omitted) (recognizing that a "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'")

Neither the content nor the authenticity of the FCHR and DOAH documents is in dispute. There is no unfairness to either party in considering the four documents attached to defendant's motion. And, as will be explained more fully *infra*, the only documents that are needed to determine whether plaintiff's present claims under the

FCRA are barred are plaintiff's amended complaint of discrimination with the FCHR, which demonstrates the claims raised; the FCHR's determination of "no cause," which demonstrates the agency's determination; and the remaining documents which indicate the basis for dismissal and the FCHR's final determination. Therefore, the court will take judicial notice of the documents attached to defendant's motion to dismiss.  *See Henry v. City of Tallahassee*, 149 F.Supp.2d 1324, 1329-30 (N.D. Fla. 2001) (taking judicial notice of documents filed in plaintiff's state court discrimination/retaliation case); *see also Hodge v. Miami Herald Co.*, 2008 WL 4180012, *2 (S.D. Fla. Sept. 10, 2008) (taking judicial notice of EEOC right-to-sue letter because plaintiff's EEOC actions were a matter of public record, and because plaintiff did not dispute its authenticity); *Mann v. Green*, 2008 WL 1766779, *1 n. 2 (S.D. Ga. Apr. 17, 2008) (stating that because the plaintiff's EEOC actions were matters of public record, the court could take judicial notice of the EEOC documents without converting the motion to dismiss to a motion for summary judgment).

The attachments to plaintiff's complaint and the documents produced by defendant reveal the following.  On or about October 25, 2006, plaintiff filed an amended complaint of discrimination with the FCHR. (Doc. 1, Attach.).  After investigating plaintiff's allegations, on March 6, 2007 the FCHR issued a Notice of Determination:  No Cause," concluding that there was "no reasonable cause to believe that an unlawful employment practice occurred."  (Doc. 13, Ex. 1).  The Notice advised plaintiff that he could request an administrative hearing by filing a Petition for Relief within 35 days.  The Notice warned plaintiff that if he failed to request a hearing, his administrative claim under the FCRA would be dismissed with prejudice, and the claim would be barred.  (*Id.*).

Plaintiff requested an administrative hearing by filing a Petition for Relief.  On April 11, 2007, the FCHR referred the matter to the DOAH for an administrative hearing. (Doc. 13, Ex. 2).  Thereafter, pursuant to a letter of voluntary dismissal from plaintiff dated June 27, 2007, the administrative law judge cancelled the

administrative hearing and closed the file.  (*Id.*, Ex. 3).  On July 10, 2007, the FCHR dismissed plaintiff's complaint with prejudice based on plaintiff's withdrawal of his complaint.  The FCHR ruled that the original determination of "no cause" stood as its final determination.  (*Id.*, Ex. 4).  There is no evidence in the record that plaintiff appealed this final order.  *See* Fla. Stat. § 760.11(13); Fla. Stat. § 120.68.

As a prerequisite to bringing a civil action based on a violation of the FCRA a plaintiff must file a complaint with the FCHR within 365 days of the alleged violation.  Fla. Stat. § 760.11(1).  The FCHR then determines if there is "reasonable cause" to believe that a discriminatory practice has occurred.  Fla. Stat. § 760.11(3). If the FCHR makes a "reasonable cause" determination, a claimant may either bring a civil action or request an administrative hearing.  Fla. Stat. § 760.11(4).  If the FCHR makes a "no cause" determination, "the commission shall dismiss the complaint." Fla. Stat. § 760.11(7).  At that point, the aggrieved person may request an administrative hearing, but any such request must be made within 35 days of the date of the determination.  Fla. Stat. § 760.11(7).[2]  If a timely request is made and if, after the administrative hearing the FCHR has made a "reasonable cause" determination, a civil action on the FCRA claim can be brought in a court of competent jurisdiction.  Fla. Stat. § 760.11(7); *see also* Fla. Stat. § 760.11(5).  A "no cause" determination precludes a civil suit under the FCRA.  *See Woodham v. Blue Cross and Blue Shield of Florida, Inc.*, 829 So.2d 891, 895 (Fla. 2002) (noting that "the FCRA differs from Title VII, its federal counterpart, in that a 'no cause' determination precludes a civil suit under the FCRA but not under Title VII.").

In the present case, although plaintiff commenced the administrative hearing process by filing a timely Petition for Relief, he caused that proceeding to terminate, resulting in the FCHR's determination of "no cause" to stand as its final order.  This final determination of "no cause" precludes plaintiff from bringing his FCRA claims

---

[2]"If the aggrieved person does not request an administrative hearing wihtin the 35 days, teh claim will be barred."  Fla. Stat. § 760.11(7).

in federal court. Accordingly, plaintiff's state law claims under the Florida Civil Rights Act (as well as his claims purportedly brought under "the State of Florida Commission on Human Relations unlawful employment practice") should be dismissed with prejudice.

      **B.    Plaintiff's retaliation claims based on his speaking out on behalf of patients who purportedly were being abused by defendant's employees and plaintiff's counseling and assisting members of a deceased patient's family concerning filing a complaint or lawsuit against defendant fail to state a claim of retaliation under Title VII or the ADEA.**

Section III of the complaint is plaintiff's Statement of Facts. (Doc. 1, p. 3). In paragraph B. of this Section, plaintiff states: "[W]hile employed I spoke out on behalf of patients who were being abused by employees and assisted patients['s] families with filing a complaint against Baptist Hospital for the death of a family member and I was retaliated against for helping the family file suit." (Doc. 1, p. 3). Defendant seeks dismissal of this retaliation claim, arguing that whether brought under Title VII or the ADEA, plaintiff's allegedly speaking out on behalf of patients who purportedly were being abused by employees and his allegedly counseling and assisting a deceased patient's family in filing a complaint against the defendant are not protected activities under Title VII or the ADEA. Therefore, such claims should be dismissed, and the allegations of paragraph III.B. of the complaint stricken. In response, plaintiff does not address the legal issue of whether his conduct constitutes a "protected activity" under Title VII or the ADEA. He merely urges the court to consider the claim because "plaintiff's speaking out against the Hospital on behalf of patients and employees [are the] very things [that] are the cause for the retaliation that Plaintiff received from the Hospital and they are pertinent to his case." (Doc. 24).

Retaliation claims are cognizable under Title VII and the ADEA. 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). Nevertheless, both statutes specifically limit the scope of the protected activity upon which a claim can be predicated. Under Title VII, a retaliation claim can only be based on "[d]iscrimination for making charges,

testifying, assisting, or participating in enforcement proceedings." 42 U.S.C. § 2000e-3(a). The statute provides, in relevant part, as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).[3]

Similarly, under the ADEA a retaliation claim can only be based on "[o]pposition to unlawful practices; participation in investigation, proceeding, or litigation." 29 U.S.C. § 623(d). The statute provides, in relevant part, as follows:

> It shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d). In order to establish a *prima facie* case of retaliation under Title VII or the ADEA, the plaintiff must show that (1) he engaged in statutorily protected activity; (2) he was subjected to an adverse employment action; and (3) there is causal connection between the protected activity and the adverse action. *See id.*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); *Butler v. Alabama Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) (setting forth elements of *prima* facie case of retaliation under Title VII); *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (setting forth elements for stating a claim of discriminatory retaliation under Title VII and the ADEA).

In the instant case, plaintiff's allegations that he spoke out on behalf of patients who purportedly were being abused by defendant's employees, and that he counseled and assisted a deceased patient's family in filing a complaint or lawsuit

---

[3] The first clause is referred to as the "opposition clause," and the latter is referred to as the "participation clause."

*Case No: 3:08cv154/MCR/MD*

against the defendant cannot support a claim for retaliation. These actions were not taken to oppose employment discrimination, which is the conduct that Title VII and the ADEA protect; rather, they were taken to oppose alleged patient abuse. Accordingly, plaintiff's retaliation claim based on these allegations should be dismissed.

C.     Particular items should be stricken from the complaint

In its motion to dismiss, defendant also requests that the court strike certain paragraphs of the complaint and an attachment to the complaint because they are immaterial and impertinent. Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Although the court has considerable discretion in ruling on a motion to strike, motions to strike are disfavored because of their drastic nature. *See Chambers v. Cooney*, 535 F. Supp. 2d 1255, 1262-63 (S.D. Ala. 2008) ("Striking matter on Rule 12(f) grounds is a drastic, disfavored remedy.") (citation and internal quotation marks omitted); *Stephens v. Trust for Public Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007) (noting that a motion to strike is a "drastic remedy" and that such motions "are rarely granted absent a showing of prejudice"); *BB In Technology Co. v. JAF, LLC*, 242 F. R. D. 632, 641 (S.D. Fla. 2007 ) (opining that Rule 12(f) motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"); *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999) (same); 5A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380 (2d ed. 1990) (On a motion under Rule 12(f), "it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party. . . . Thus,

even when technically appropriate and well-founded, they often are not granted in the absence of a showing of prejudice to the moving party.").

In the instant case, defendant requests that this court strike paragraph III.B. of plaintiff's Statement of Facts, which are the allegations in support of his retaliation claim discussed above. Defendant also asks that particular references in plaintiff's Statement of Claims be stricken, namely, references to "the American Disability Act [sic]," "the EEOC Compliance Manual," the Employment Act of 1967," and the case of "Smith versus the City of Jackson, Mississippi." Defendant further requests that certain references in plaintiff's Relief Requested be stricken, namely, references to "hostile work environment" and "wrongful discharge." Lastly, defendant requests that the court strike one of the attachments to plaintiff's complaint – a photocopy of a newspaper article. Defendant argues that these challenged items are irrelevant and impertinent to plaintiff's claims.

The allegations in paragraph III.B should be stricken. These allegations concern plaintiff's belief that defendant's employees were abusing patients, and plaintiff's activities related to that belief. Such allegations have no relationship to plaintiff's claim of age discrimination or his claim of retaliation for opposing such discrimination. Nor do said allegations bear a relationship to the defenses being pleaded. Additionally, the allegations are prejudicial. Therefore, this paragraph should be stricken as immaterial matter. This is also true of the newspaper article attached to plaintiff's complaint. The article, entitled, "Another Way for Employees to Win," pertains to the United States Supreme Court's decision in *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002), concerning whether an agreement between an employer and an employee to arbitrate employment-related disputes bars the EEOC from pursuing victim-specific judicial relief (e.g., backpay, reinstatement, and damages) in an ADA enforcement action. The Supreme Court held that it does not. Neither the facts nor the issues involved in that case has any bearing on the claims presented in this case, nor does the remaining text of the

article bear any relation to plaintiff's claims.  Moreover, the article's presence in this proceeding could arguably be perceived as harmful to the defendant, an employer.  Therefore, the undersigned agrees with the defendant that this attachment should be stricken.

Plaintiff's assertion of claims under the Americans with Disabilities Act ("ADA") and the EEOC Compliance Manual, as well as his request for relief based on "hostile work environment," while subject to dismissal, need not be stricken.  The American with Disabilities Act ("ADA"), "prohibits covered employers from discriminating based upon the known physical or mental impairments of a qualified individual with a disability."  *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997); 42 U.S.C. § 12112.  Prior to filing a Title VII or ADA action, a plaintiff first must exhaust his administrative remedies by filing a charge of discrimination with the EEOC.  *See* 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a); *Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004); *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) ("Under 42 U.S.C. § 2000e-5 a person who wants to file a lawsuit under Title VII must first file a charge with the Equal Employment Opportunity Commission alleging a Title VII violation and exhaust all remedies provided by the EEOC."); *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII. . . .").  A plaintiff's judicial complaint is limited by the scope of the EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination."  *Gregory*, 355 F.3d at 1280.

In order to establish an ADA claim, the plaintiff must show that he:  (1) has a disability, (2) is a qualified individual, and (3) was unlawfully subjected to discrimination because of his disability.  *Id.*  An individual has a "Disability" within the ADA's purview when he has "a physical or mental impairment that substantially

limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(g)(1).

In order to establish a *prima facie* claim of a hostile work environment, the plaintiff must establish:

> (1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment [was] based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.

*Miller v. Kenworth of Dothan Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

Upon review of plaintiff's amended complaint filed with the FCHR (which also provided the basis for the EEOC charge), there is no allegation that reasonably could suggest plaintiff was discriminated against on the basis of a disability. Likewise, plaintiff did not check the "Disability/Handicap" box on the FCHR complaint form. (Doc. 1, p. 9). The FCHR Investigative Memorandum does not suggest that that was part of plaintiff's charge or the investigation. (Doc. 13, Ex. 1). Similarly, there is no allegation in the FCHR complaint that reasonably points to the kind of pervasive and oppressive conditions that would support a conclusion that plaintiff intended to have the EEOC investigate the workplace for a hostile work environment. (Doc. 1, p. 9; Doc. 13, Ex. 1). Because neither a disability discrimination claim nor a hostile work environment claim could not have reasonably been expected to grow out of the allegations made by plaintiff in his FCHR complaint and EEOC charge, the undersigned concludes that he failed to exhaust these claims. Even if plaintiff had exhausted the claims, the allegations of his present complaint in this court fail to state an ADA or hostile work environment claim that is plausible on its face. Therefore, these claims should be dismissed.

As to plaintiff's reference to "the Employment Act of 1967," liberally construing plaintiff's complaint it appears that this is a reference to the Age

Discrimination in Employment Act of 1967.  As plaintiff's ADEA claims are not the subject of defendant's motion to dismiss and/or strike, the court will allow this reference to remain in the complaint.

With regard to plaintiff assertion of a claim under the "EEOC Compliance Manual," defendant is correct that there is no private right of action for a violation of the EEOC Compliance Manual.  The EEOC Compliance Manual is the EEOC's interpretation of a federal statute it is charged with enforcing.  It is not controlling upon the courts, nor does it determine any rights or obligations of the parties in a court of law.  *Cf. Christensen v. Harris County,* 529 U.S. 576, 587, 120 S.Ct. 1655, 1662, 146 L.Ed.2d 621 (2000) (noting that interpretations such as those in an agency manual lack the force of law and are entitled only to some deference); *E.E.O.C. v. Wal-Mart Stores, Inc.*, — F.Supp.2d —, 2008 WL 3471404, at *5 (D. N.M. July 17, 2008).  Therefore, plaintiff's claim asserted under the EEOC Compliance Manual should be dismissed.  However, because the mere reference is not prejudicial, the reference will not be stricken from the complaint.

With regard to plaintiff's reference to "Smith versus the City of Jackson, Mississippi," plaintiff appears to be referring to the United States Supreme Court's decision in *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 125 S.Ct. 1536, 161 L.Ed.2d 410 (2005).  In that case, police and public safety officers brought suit under the ADEA, alleging that salary increases they received were less generous than increases received by younger officers.  The Supreme Court held that the ADEA authorizes recovery on a disparate-impact theory in appropriate cases.[4]  *Id.*, 544 U.S. at 240, 125 S.Ct. at 1544.  It went on to conclude that the complaint in that case failed to set forth a valid disparate-impact claim.  *Id.,* 544 U.S. at 241, 125 S.Ct. at 1545.  At this stage of the proceeding, the undersigned cannot say that plaintiff's reference

---

[4] Under the "disparate impact" theory of liability, a facially neutral employment practice may be deemed violative of Title VII or the ADEA without evidence of the employer's subjective intent to discriminate.  See *Wards Cove Packing Co., Inc. v. Antonio*, 490 U.S. 642, 645, 109 S.Ct. 2115, 2118-19, 104 L.Ed.2d 733 (1989) (explaining disparate impact theory of liability).

to the *Smith* case is clearly immaterial and impertinent to any claims for relief or issues in this action. Therefore, such reference will not be stricken.

Lastly, with regard to plaintiff's request for relief on the basis of "wrongful discharge," liberally construing plaintiff's *pro se* pleading he appears to be using "wrongful discharge" interchangeably with discriminatory or retaliatory discharge. *See, e.g., Winegard v. W.S. Badcock Corp.*, 2008 WL 1848787 (M.D. Fla. Apr. 23, 2008) (construing "wrongful discharge" claim as one of discriminatory discharge); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1526 (11th Cir. 1987) (referring to employee's ADEA and Title VII claims that she was discharged on the basis of age and gender as a "wrongful discharge" case). Use of this phrase is not prejudicial to defendant. Therefore, the court need not utilize the "drastic" remedy of having the phrase stricken.

### Plaintiff's Motion to Amend Complaint

On August 15, 2008, after defendant filed its answer, plaintiff filed a motion to amend his complaint along with a proposed amended complaint. (Docs. 25, 26). On August 18, 2008, the court issued an order denying the motion without prejudice for plaintiff's failure to include a Rule 7.1(B) certificate of conference. *See* N.D. Fla. Loc. R. 7.1(B). The court further ordered that the proposed amended complaint not take effect because it was unsigned, did not contain a signature block, and was not on the court form. *See* Fed. R. Civ. P. 11; N.D. Fla. Loc. R. 5.1(B)(5) and 5.1(J). The court forwarded plaintiff a Title VII complaint form, and advised him that any amended complaint must be submitted on the court form. (Doc. 27).

On September 29, 2008, plaintiff filed another motion to amend his complaint accompanied by a proposed amended complaint. (Docs. 38, 39). Although plaintiff certifies that he has conferred with defendant's counsel in a good-faith effort to resolve the motion, defendant's counsel contends otherwise in his response. (Doc. 46). Defendant argues that the motion to amend should be denied because

amendment would be futile. (*Id.*).[5] While there is some validity to defendant's argument, the court will deny the motion on different grounds. As plaintiff was previously advised, the Local Rules of this court provide that "[n]o . . . civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 or 2000e shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant." N.D. Fla. Loc. R. 5.1(J). Plaintiff's proposed amended complaint is not on the court form.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion to take judicial notice (doc. 14) be GRANTED.

2. That defendant's motion to dismiss and/or to strike (doc. 13) be GRANTED in part as follows, and DENIED in all other respects:

    a. That plaintiff's state-law claims under the Florida Civil Rights Act be DISMISSED with prejudice.

    b. That plaintiff's claims of retaliation stemming from his alleged speaking out on behalf of patients who purportedly were being abused by defendant's employees and plaintiff's counseling and assisting members of deceased patients' families concerning filing complaints and lawsuits against defendant be DISMISSED with prejudice.

    c. That plaintiff's claim under the Americans with Disabilities Act be DISMISSED.

    d. That plaintiff's claim asserted under the EEOC Compliance Manual be DISMISSED.

---

[5] Specifically, defendant contends that the amendments contained in Counts 1 and 2 are the same claims and fundamental allegations that plaintiff previously made in his original complaint, which defendant has recognized as being legally cognizable and to which an answer has been filed. Plaintiff's proposed amendment in Count 3 simply adds allegations of incidents of alleged retaliation to which plaintiff claims he was subjected and, therefore, are surplusage and supplemental evidentiary matters to his retaliation claim raised in Count 1. Plaintiff's proposed amendment in Count 4 attempts to bring some form of civil rights action against the FCHR and the EEOC, which are not parties to this action.

    e.  That plaintiff's hostile work environment claim be DISMISSED.

    f.  That paragraph III.B. of the complaint be STRICKEN.

    g.  That the photocopy of the newspaper article attached to the complaint be STRICKEN.

3.  That plaintiff's motion to amend (doc. 38) be DENIED without prejudice, and that the proposed amended complaint (doc. 39) not take effect.

4.  That the matter be referred to the undersigned for further proceedings.

At Pensacola this 23rd day of October, 2008.

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**