IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMES EARL HAWTHORNE,**
    **Plaintiff,**

vs.                                          Case No. 3:08cv154/MCR/MD

**BAPTIST HOSPITAL, INC.,**
    **Defendant.**

___

**O R D E R**

      This cause is before the court upon defendant's motion for sanctions and supplement. (Docs. 45, 53). Plaintiff has responded in opposition to the motion. (Doc. 52). Upon review of the parties' submissions, defendant's motion will be granted.

      Defendant asserts that on August 18, 2008, it served upon plaintiff its first set of interrogatories and first and second requests for production of documents. As of October 12, 2008 (the filing of the motion for sanctions), plaintiff had wholly failed to respond to the discovery requests, even after unilaterally granting himself a 15-day extension of time for no stated reason. Defendant further asserts that plaintiff served his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), but that the disclosures were grossly incomplete in that plaintiff provided only the names and addresses of persons with discoverable information without disclosing the subject of the information each person possessed. Additionally, plaintiff provided his W-2 and income tax returns, but failed to provide any other documents supporting his claims, and further failed to provide a

computation of each category of damages he was claiming.[1] As relief, defendant seeks a variety of sanctions as well as payment of expenses incurred in making the motion.

Plaintiff filed a response on October 21, 2008. He admits that he failed to respond to defendant's discovery requests until after defendant filed its motion for sanctions. Plaintiff offers no justification for his delay. (Doc. 52, p. 1). With regard to the Rule 26 initial disclosures, plaintiff takes the position that he met his obligation under Rule 26(a)(1)(A)(i) by informing defendant's counsel that the persons he disclosed "may have discoverable information on the age discrimination and retaliation issues." (*Id.*, p. 3). Plaintiff contends he met his obligation under Rule 26(a)(1)(A)(ii) by informing defendant's counsel that he "did not have anymore documents other than those already provided to Counsel." (*Id.*, p. 2). Plaintiff does not address his failure to provide his damages computation.

Defendant's supplement filed on October 22, 2008 states that on October 15, 2008, defendant received in the mail plaintiff's answers to interrogatories and responses to requests for production of documents. (Doc. 53). Defendant asserts that several answers and responses are incomplete, constituting a failure to answer or respond. The supplement quotes verbatim each interrogatory and request for production, plaintiff's response, and an explanation of why particular answers and responses are incomplete. (*Id.*).

The undersigned has reviewed the relevant materials and finds that plaintiff failed to timely respond to defendant's discovery requests, that his tardiness was wholly unjustified, and that his responses were provided only after defendant filed its motion for sanctions. Furthermore, plaintiff's answers to interrogatory numbers 2, 4-9, 11, 12, 15, and 17-23 are incomplete for the reasons outlined in defendant's supplement, and are treated as a failure to answer. Plaintiff's response to defendant's first request for production of documents is incomplete and treated as a failure to respond, as are the following

---

[1] Defendant's remaining complaints concerning plaintiff's attempt to amend his complaint and plaintiff's failure to cooperate in submitting the Rule 26(f) joint report have been addressed by the court in separate orders.

*Case No: 3:08cv154/MCR/MD*

responses to defendant's second request for production: response numbers 1-5, 7-15, 17, and 20-23.

The court also finds that plaintiff did not make complete disclosure under Rule 26(a)(1)(A).  With respect to his disclosure under Rule 26(a)(1)(A)(i), it is not sufficient for plaintiff to merely state that a person may have discoverable information with regard to issue "X," (e.g., age discrimination).  Plaintiff must provide a <u>general description of the information each individual could provide</u>.  For example, "Ms. Doe is likely to have discoverable information concerning the raises she received while employed in the laundry department."  With respect to plaintiff's disclosure under Rule 26(a)(1)(A)(ii), by this time plaintiff should have an idea of the documents he might use to support his claims.  All of those documents must be disclosed.  Finally, plaintiff must provide a computation of damages as required by Rule 26(a)(1)(A)(iii).

Accordingly, it is ORDERED:

1.  Defendant's motion for sanctions (doc. 45) is GRANTED.

2.  **Within ten (10) days of the date of this order**, plaintiff shall respond fully to all discovery requests (which means he must cure the items of "Noncompliance" outlined in defendant's supplement (doc. 53)), or risk having this action dismissed.

3.  **Within the same time period**, plaintiff shall make full initial disclosures under Rule 26(a)(1)(A) as outlined above and in defendant's motion (doc. 45), or risk having this action dismissed.

4.  The court will not approve a stipulation extending time, or grant a motion for extension of time, absent a showing of exceptional circumstances.

5.  The issue of sanctions will be considered at a later time.

DONE AND ORDERED this 4th day of November, 2008.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:08cv154/MCR/MD*